# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

JOSE L. RENTERIA, )
)
    Petitioner, )
)
v. ) Case No. CIV-16-1333-D
)
JASON BRYANT, Warden, )
)
    Respondent. )

## ORDER

Petitioner, a state prisoner appearing pro se, brought this action pursuant to 28 U.S.C. § 2254, seeking habeas relief from his state court conviction for first-degree rape and sexual battery after a former felony conviction. The matter was referred to United States Magistrate Judge Shon Erwin for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Respondent moved to dismiss the petition, and on June 14, 2017, Judge Erwin issued a Report and Recommendation ("R&R" or "Report") [Doc. No. 18] in which he recommended that the Court grant Respondent's motion and dismiss the petition as untimely. Petitioner timely appealed.

## BACKGROUND

On March 16, 2011, Petitioner pled guilty to first-degree rape and sexual battery, both after a former felony conviction, in Oklahoma County District Court. He was sentenced to imprisonment for thirty-two years. Pursuant to 22 OKLA. STAT.

§ 982a, Petitioner filed a Petition for Judicial Review on July 22, 2011, which sought modification of his sentence. Petitioner also filed two applications for post-conviction relief on December 11, 2013 and January 25, 2016. Both were denied by the trial court and affirmed on appeal by the Oklahoma Court of Criminal Appeals. On November 11, 2016, Defendant filed the instant habeas petition.

Respondent moved to dismiss the petition on the grounds that Petitioner's action was barred by the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d). Specifically, Respondent contended that since Petitioner did not appeal from his March 16, 2011 plea, his conviction became "final" for purposes of the statute on March 26, 2011.[1] Since Petitioner's action was not commenced until November 2016—five years after his conviction—Respondent contended his habeas petition was untimely.

Judge Erwin agreed that Petitioner's action was untimely under the AEDPA. In this regard, he found neither statutory nor equitable tolling tolled the statute of limitations. With respect to statutory tolling, Judge Erwin found that Defendant's Petition for Judicial Review was not "properly filed" under § 928a because it did not

---

[1] Under Oklahoma law, a defendant may seek to withdraw his plea within ten days after the entry of judgment and sentence. *Bush v. State*, 2012 OK CR 9, ¶ 17, 280 P.3d 337, 343 (citing Rule 4.2, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2012)).

2

meet certain statutory prerequisites. Next, Judge Erwin found Petitioner's action was not saved by equitable tolling because Petitioner failed to establish that (1) he diligently pursued his claims or (2) he was actually innocent of the crimes for which he was convicted.

## DISCUSSION

The district court must review de novo any part of a magistrate judge's report and recommendation to which a proper objection has been made. *See* Fed. R. Civ. P. 72(b)(3). Upon the exercise of such review, the Court may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See id*. The Court has read the Report and conducted a de novo review of the relevant filings. Based upon this review, and as set forth more fully below, the Court accepts the Report and adopts it as the ruling of this Court.

Pursuant to the AEDPA, petitions for a writ of habeas corpus by a person in state custody are governed by a one-year statute of limitations. *See* 28 U.S.C. § 2244(d). Section 2244(d)(1) states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

There is no indication in the record that subsections (B), (C), or (D) are at issue. Because Petitioner failed to file a motion to withdraw his guilty plea, pursuant to subsection (A) his conviction became final on March 28, 2011. *Doby v. Dowling*, 632 F. App'x 485, 487 (10th Cir. 2015) (unpublished).[2] Petitioner filed his petition on November 21, 2016—four years after the limitations period had expired; thus, his action was untimely unless some exception applied. To this end, Petitioner objects to the Magistrate Judge's findings that the limitations period was not stayed by either statutory or equitable tolling.

---

[2] As the Magistrate Judge correctly noted, since the tenth day after Petitioner's conviction fell on a weekend, he had until the following Monday—March 28, 2011—to seek withdrawal of his plea. *See* Fed. R. Civ. P. 6(a); *Doby, supra*.

4

**I.     STATUTORY TOLLING**

The one-year limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). For tolling purposes, "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). To this end, the Tenth Circuit has held:

> [A] "properly filed" application is one filed according to the filing requirements for a motion for state post-conviction relief. These requirements may include: (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The Magistrate Judge held Petitioner's Petition for Judicial Review was not "properly filed" because it was in violation of 22 OKLA. STAT. § 982a. Section 982a, which provides the statutory remedy for judicial review of sentences, excludes from its provisions (1) convicted felons who have been in confinement in any state or federal prison system for any previous felony conviction during the ten-year period preceding the date of their sentence, and (2) petitions submitted without the consent of the district attorney. *See id*. § 982a(A)(3). Here, the record reflects Petitioner was convicted of felony driving under the influence on September 19, 2005 [Doc. No.

15-7]. Moreover, the record does not indicate whether the district attorney consented to the petition.

Petitioner states that his petition was properly filed because "there are no Court Rules [quoted] about filing telling how [§ 982a applications] are supposed to be filed." Obj. at 2. This statement, however, does not override the statutory mandate that in order to qualify for relief under § 982a, Petitioner could not have had a previous felony conviction within the last ten years of his sentence and the district attorney was required to have consented to the request. It is undisputed that neither prerequisite was satisfied in this case; thus, the Court finds Petitioner is not entitled to statutory tolling.

## II. EQUITABLE TOLLING

Petitioner seeks equitable tolling on three grounds: (1) his trial attorney failed to communicate with him, (2) he is actually innocent of the rape charge, and (3) Oklahoma's Postconviction DNA Act, codified at 22 OKLA. STAT. § 1373, *et al.*, waives the one-year limitation period.

To obtain equitable tolling, a petitioner must show (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing of his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010). This is a "strong burden" that requires the petitioner to "show specific facts to support his claim of extraordinary circumstances and due diligence."

*Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2000)).

A.  **Alleged Attorney Misconduct**

The Tenth Circuit has held that "sufficiently egregious misconduct on the part of a habeas petitioner's counsel may justify equitable tolling of the AEDPA limitations period." *Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007). Petitioner alleges that his family contacted his attorney's office and informed him that Petitioner wanted to withdraw his guilty plea, but his attorney never contacted him. Obj. at 3. Even taking Petitioner's allegations as true and assuming Petitioner has met the first prong of diligent pursuit,[3] he has not shown the existence of extraordinary circumstances that prevented timely filing of his habeas petition. Petitioner's habeas petition was filed over four years after the limitations period had expired, yet he certainly knew the facts necessary for his ineffectiveness claim shortly after his conviction. Accordingly, the Court finds Petitioner is not entitled to equitable tolling on this ground.

---

[3] It is considerably doubtful whether Petitioner has met this prong. As the Magistrate Judge noted, Petitioner waited nearly four years to argue his trial counsel had been ineffective in failing to withdraw his plea.

B.     **Actual Innocence**

Actual innocence is an extraordinary circumstance warranting equitable tolling. To prevail on a claim of actual innocence justifying equitable tolling of the limitation period, a petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-328 (1995)). To be credible, such a claim requires a petitioner to support his allegations of innocence with new reliable evidence—whether it be exculpatory scientific evidence, credible eyewitness testimony, or critical physical evidence. *Schlup*, 513 U.S. at 324. Because "such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *See id*.

Petitioner claims he is entitled to equitable tolling because he was accused[4] of ejaculating on the victim, yet a Forensic Report excluded him as a contributing source of DNA on the victim. Obj. at 4. The Magistrate Judge, however, found Petitioner was not entitled to equitable tolling because (1) neither of the crimes for which he was convicted depended on the presence of seminal fluid or sperm and (2) the aforementioned Forensic Report had already been considered and discounted by Oklahoma state courts. *See* R&R at 10-12.

---

[4] The Affidavit of Probable Cause [Doc. No. 16-2] referenced by Petitioner does not accuse him of ejaculating on the victim. Rather, the affidavit notes that Petitioner himself stated that he had ejaculated on the victim. *Id*. at 7.

The Court finds Petitioner cannot meet the established standard via his assertion that DNA testing has exonerated him of his crimes. As correctly noted by the Magistrate Judge, neither of the crimes for which Petitioner was convicted required the presence of seminal fluid. Viewing Petitioner's allegations favorable to him, the absence of such evidence only establishes he was not the source of DNA found on the victim—it would not, however, establish he did not either: (1) engage in an act of sexual intercourse with someone incapable of giving legal consent through mental illness, in violation of Oklahoma's rape statute, 21 OKLA. STAT. §1114[5] or (2) touch, maul or feel the victim's body or private parts in a lewd and lascivious manner, in violation of the sexual battery statute, 21 OKLA. STAT. § 1123. Petitioner has not demonstrated it is more likely than not that no reasonable juror would have convicted him of the crimes for which he was convicted, and he has not presented any new reliable evidence in this regard.

---

[5] Under Oklahoma law, "[t]he essential guilt of rape or rape by instrumentation, except with the consent of a male or female over fourteen (14) years of age, consists in the outrage to the person and feelings of the victim. Any sexual penetration, however slight, is sufficient to complete the crime." 21 OKLA. STAT. §1113.

### *1. Oklahoma's Postconviction DNA Act*

In further support of his claim of actual innocence, Petitioner also contends that his request for "Touch" DNA testing[6] under Oklahoma's Postconviction DNA Act "waives" the one-year limitations period. This objection is overruled on two grounds. First, as stated above, AEDPA's one-year limitations period is tolled when a properly filed application for State post-conviction or other collateral review is *pending*. 28 U.S.C. § 2244(d)(2). Here, the record shows Petitioner's request for DNA testing was made well after the limitations period had expired. Second, Petitioner must support his allegations of actual innocence with new reliable evidence; his ***request*** for DNA testing does not constitute "new evidence" for purposes of equitable tolling. *Compare Chavez v. Trani*, 534 F. App'x 799, 801 (10th Cir. 2013) (unpublished) (finding petitioner was not entitled to equitable tolling based on blanket assertion that DNA evidence would exonerate him). Accordingly, Petitioner's objections on this issue are overruled.

## CONCLUSION

For the reasons stated herein, the Court **ADOPTS** the findings and conclusions set forth in the Magistrate Judge's Report and Recommendation [Doc.

---

[6] "Touch" DNA testing, in simple terms, involves examining the DNA of someone who merely touched something with his skin. *See, e.g., United States v. Watson*, 792 F.3d 1174, 1177-79 (9th Cir. 2015).

No. 18] as though fully set forth herein. Respondent's Motion to Dismiss [Doc. No. 14] is **GRANTED** and the present action is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Appoint Counsel [Doc. No. 19], Motion for Hearing to Determine DNA Testing [Doc. No. 20], and Motion for Status [Doc. No. 24] are **DENIED** as moot.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon

consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is **DENIED**.

A judgment shall be issued accordingly.

**IT IS SO ORDERED** this 12th day of February 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE